Nebraska Supreme Court Online Library
www.nebraska.gov/apps-courts-epub/
10/09/2020 09:08 AM CDT

- 542 -

Nebraska Supreme Court Advance Sheets
306 Nebraska Reports
STATE EX REL. COUNSEL FOR DIS. v. VERNON
Cite as 306 Neb. 542

State of Nebraska ex rel. Counsel for Discipline
of the Nebraska Supreme Court, relator,
v. Courtney J. Vernon, respondent.
___ N.W.2d ___

Filed July 17, 2020.    No. S-20-213.

Original action. Judgment of suspension.

Heavican, C.J., Miller-Lerman, Cassel, Stacy, Funke,
Papik, and Freudenberg, JJ.

Per Curiam.

## INTRODUCTION

The State Bar of Arizona entered a "Final Judgment and
Order" regarding the respondent, Courtney J. Vernon, on
February 7, 2020. The Counsel for Discipline of the Nebraska
Supreme Court, the relator, filed a motion for reciprocal disci-
pline against the respondent. We grant the motion for recipro-
cal discipline and impose a suspension of 6 months and 1 day.

## FACTS

The respondent was admitted to the practice of law in the
State of Nebraska on December 7, 2010, and has also been
admitted to the practice of law in Arizona. She is currently an
inactive member of the Nebraska State Bar Association and
an active member of the State Bar of Arizona.

On February 7, 2020, the State Bar of Arizona issued an
order entered on the consent of the parties that found that
the respondent violated the Arizona Rules of Professional

- 543 -

Nebraska Supreme Court Advance Sheets
306 Nebraska Reports
STATE EX REL. COUNSEL FOR DIS. v. VERNON
Cite as 306 Neb. 542

Conduct. The order suspended the respondent from the practice of law for 6 months and 1 day, effective March 9, 2020, to be followed by 2 years of monitored probation. The respondent conditionally admitted that she violated "Rule 41(g), Ariz. R. Sup. Ct. (Duties and Obligations: members shall avoid engaging in unprofessional conduct and to advance no fact prejudicial to the honor or reputation of a party or a witness unless required by the duties to a client or the tribunal)" and "Rule 42, ER 8.4(b) (It is professional misconduct for a lawyer to commit a criminal act that reflects adversely on the lawyer's honesty, trustworthiness or fitness as a lawyer in other respects)" when she was arrested on four separate occasions for conduct while intoxicated.

On March 12, 2020, the relator filed a motion for reciprocal discipline pursuant to Neb. Ct. R. § 3-321 of the disciplinary rules. The motion stated that the above-cited "Arizona Supreme Court Rule 41(g) and Rules of Professional Conduct 8.4(b)" are in sum and substance the equivalent of Neb. Rev. Stat. § 7-104 (Reissue 2012) and Neb. Ct. R. of Prof. Cond. § 3-508.4(b) and (d) (rev. 2016).

On March 17, 2020, this court filed an order to show cause as to why it should not impose reciprocal discipline. On March 19, the relator filed a response that requested reciprocal discipline of a period of suspension without specification. On April 3, the respondent filed a response in which she requested that this court grant her a 3-month suspension or, in the event that this court agrees with the discipline imposed in Arizona, that the suspension and probation run concurrently to discipline imposed in Arizona.

## ANALYSIS

The basic issues in a disciplinary proceeding against an attorney are whether discipline should be imposed and, if so, the type of discipline appropriate under the circumstances. *State ex rel. Counsel for Dis. v. Murphy*, 283 Neb. 982, 814 N.W.2d 107 (2012). In a reciprocal discipline proceeding, a

- 544 -

NEBRASKA SUPREME COURT ADVANCE SHEETS
306 NEBRASKA REPORTS
STATE EX REL. COUNSEL FOR DIS. v. VERNON
Cite as 306 Neb. 542

judicial determination of attorney misconduct in one jurisdiction is generally conclusive proof of guilt and is not subject to relitigation in the second jurisdiction. *Id*. Neb. Ct. R. § 3-304 of the disciplinary rules provides that the following may be considered as discipline for attorney misconduct:

(A) Misconduct shall be grounds for:

(1) Disbarment by the Court; or

(2) Suspension by the Court; or

(3) Probation by the Court in lieu of or subsequent to suspension, on such terms as the Court may designate; or

(4) Censure and reprimand by the Court; or

(5) Temporary suspension by the Court; or

(6) Private reprimand by the Committee on Inquiry or Disciplinary Review Board.

(B) The Court may, in its discretion, impose one or more of the disciplinary sanctions set forth above.

Section 3-321 of the disciplinary rules provides in part:

(A) Upon being disciplined in another jurisdiction, a member shall promptly inform the Counsel for Discipline of the discipline imposed. Upon receipt by the Court of appropriate notice that a member has been disciplined in another jurisdiction, the Court may enter an order imposing the identical discipline, or greater or lesser discipline as the Court deems appropriate, or, in its discretion, suspend the member pending the imposition of final discipline in such other jurisdiction.

In imposing attorney discipline, we evaluate each case in light of its particular facts and circumstances. *State ex rel. Counsel for Dis. v. Murphy, supra*.

Upon due consideration of the record, and the facts as determined by the State Bar of Arizona, we determine that suspension is appropriate. Therefore, we grant the motion for reciprocal discipline and impose a suspension of 6 months and 1 day to have commenced on May 1, 2020. We note that the State Bar of Arizona is monitoring the respondent by requiring

- 545 -

Nebraska Supreme Court Advance Sheets
306 Nebraska Reports
STATE EX REL. COUNSEL FOR DIS. v. VERNON
Cite as 306 Neb. 542

probation for 2 years following her Arizona suspension, and we decline to impose probationary terms.

## CONCLUSION

The motion for reciprocal discipline is granted. The respondent is suspended from the practice of law for 6 months and 1 day to be served starting on May 1, 2020. The respondent shall comply with all notification requirements by suspended members provided by Neb. Ct. R. § 3-316 (rev. 2014), and upon failure to do so, shall be subject to punishment for contempt of this court. The respondent is directed to pay costs and expenses in accordance with Neb. Rev. Stat. §§ 7-114 and 7-115 (Reissue 2012) and Neb. Ct. R. §§ 3-310(P) (rev. 2019) and 3-323(B) of the disciplinary rules within 60 days after an order imposing costs and expenses, if any, is entered by the court.

Judgment of suspension.